UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JACK CARROLL STRANGE, JR. | § | CASE NO. 22-50678-cag |
| and | § | |
| ROBYN LYNN MILLER-STRANGE | § | |
| | § | |
| DEBTORS | § | CHAPTER 7 |

_____

| | | |
|---|---|---|
| JOHN PATRICK LOWE | § | ADV. CASE NO.23-05041-cag |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | |
| | § | |
| JACK C. STRANGE, JR. | § | |
| | § | |
| ROBYN L. MILLER STRANGE | § | |
| | § | |
| AIDA MARGARITA NELSON, | § | |
| | § | |
| Defendants | § | |

## **AMENDED COMPLAINT**

COMES NOW, JOHN PATRICK LOWE, as Chapter 7 Trustee in the above-captioned bankruptcy proceeding (the "Trustee"), and as Trustee and Plaintiff brings this Amended Complaint against Defendants Jack C. Strange, Jr., Robyn L. Miller Strange ("Debtors") and Aida Margarita Nelson ("Nelson") in Adversary Case No. 23-05041("Adversary Proceeding") and would respectfully show unto the Court the following:

1

# I.
# REMOVED CASE

1. This Adversary Proceeding is the result of a removal of a State Court proceeding, Cause No. 19-12-1059-CVA styled as styled Used Cars, Inc. (State Court Plaintiff) vs. Jack C. Strange, Jr., and Robyn L. Miller Strange, Jr. (as Defendant Judgment Debtors) and Aida Margarita Nelson (as Defendant Transferree) in the 81st/218th District Court of Atascosa County, Texas ("Removed Case"), the facts of which as more particularly explained below. This Amended Complaint amends the Original and subsequent amended petitions filed in the Removed Case.

# II.
# PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§157, and §1334, and 11 U.S.C. §105, 544, and 550. This is a core proceeding. This Court has authority to enter final judgment in this Adversary Proceeding.

3. Venue is proper herein under 28 U.S.C.§1408.

4. Plaintiff is the Trustee in the above-captioned bankruptcy case, and the real party in interest in the Removed Case as explained in Section IV titled Trustee Standing in paragraphs # 20 and # 21 below.

5. Defendants, the Debtors, are individuals who were served with citation in the Removed Case and provided notice of removal at 455 Crown Hill, Pleasanton, Texas 78064.

6. Co-Defendant Nelson is an individual who was served with citation in the Removed Case and provided notice of removal at 205 Lake Drive, Del Rio, Texas 78840.

# III.
# BACKGROUND FACTS

7. On or about November 14, 2018, Used Cars, Inc. ("Creditor Used Cars") sent demand letters via certified mail to the Debtors demanding payment on a promissory note that was in default ("Demand Letters"). Creditor Used Cars received no response. Therefore, on December 12, 2018, Creditor Used Cars filed its Original Petition against Debtors in a state court lawsuit, styled Used Cars, Inc. vs. South Texas Lending Services, LLC DBA South Texas Auto Brokers, Jack C. Strange Jr. and Robyn L. Miller Strange, Jr., cause no. 18-12-00471CVF, in the 81st Judicial District of Frio County, Texas, for the amount due and owing on the promissory note and for other causes of action ("State Court Lawsuit").

8. On July 11, 2019, judgment was rendered in favor of Creditor Used Cars and against the Debtors in the amount of $302,076.73 ("the $302,076.73 Judgment").

9. Unbeknownst to Creditor Used Cars, on December 11, 2018, shortly after receiving the Demand Letters, Debtors executed and delivered a deed conveying to Nelson, the stepmother of Davey Nelson, who is a friend and business partner of Debtor Jack C. Strange, Jr., interest in certain real property described as follows:

> Being a tract or parcel of land containing 4.0197 acres, more or less, being a portion of Original Lot 265, city of Pleasanton, a city in Atascosa County, Texas, along with and in addition to, Lots One (1) through Six (6), Block Three (3), and the East half (E/2) of Second Street, Spradlin Addition, an addition to the City of Pleasanton, according to the map or plat thereof, recorded in Sheet 16-A, New Plat Cabinet, Plat records of Atascosa County, Texas, along with and in addition to, Lots Twenty-Four (24), Twenty-Five (25), Twenty-Six (26), Twenty-Seven (27), and Twenty-Eight (28), Dalton Street, and a portion of Franks Street, Greenfield Addition, an addition to the City of Pleasanton, according to the map or plat thereof, recorded in Sheet 55-A, new Plat Cabinet, Plat records of Atascosa County, Texas. (the "Transferred Property")

10. A copy of the recorded deed is attached as Exhibit A and incorporated by reference. On the date of the transfer, the Transferred Property is believed to have had a

fair market value of over $1,000,000.00 and Debtors did not receive reasonably equivalent value in exchange for the transfer and it was made in order to avoid paying the debt owed to Creditor Used Cars for which Creditor Used Cars had already sent demand for payment and intended to sue them for.

11. Davey Nelson knew of the financial condition of the Debtors and wanted the Transferred Property. Davey Nelson engaged his stepmother Nelson to purchase the Transferred Property instead of his buying it directly from the Debtors. Davey Nelson agreed to make monthly payments to Nelson towards the amount she paid the Debtors, and then upon full payment Nelson was to convey the property to him.

12. On or about November 25, 2019, Creditor Used Cars filed a state court petition for Fraudulent Transfer Action, against the Debtors in Cause No. 19-12-1059-CVA styled Jack C. Strange, Jr., and Robyn L. Miller Strange, Jr. (as Defendant Judgment Debtors) and Aida Margarita Nelson (as Defendant Transferree) in the 81st/218th District Court of Atascosa County, Texas (the "Fraudulent State Court Lawsuit").

13. On June 26, 2022, the Debtors filed their Chapter 7 bankruptcy ("Petition Date"). John Patrick Lowe was appointed the Chapter 7 Trustee.

14. The Debtors did not list the Fraudulent State Court Lawsuit in their bankruptcy schedules and statement of financial affairs that they signed under oath.

15. The Trustee did not become aware of the Fraudulent State Court Lawsuit until Creditor Used Cars filed its motion to terminate the automatic stay in order to proceed with the Fraudulent State Court Lawsuit. The Trustee objected on the grounds that the bankruptcy estate owns the claims to avoid the Debtors' transfer of the real property identified in the Fraudulent State Court Lawsuit.

16. The Trustee was granted a bankruptcy court order terminating the

automatic stay in order for the Trustee to pursue the claims of a fraudulent transfer by the Debtors.

17. The Fraudulent State Court Lawsuit is the Removed Case in this Adversary Proceeding.

## IV.
## AVOIDANCE OF ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFER OF DEBTORS' PROPERTY PURSUANT TO THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT AND 11 U.S.C. §§544 (b) AND 550

18. Plaintiff incorporates the facts stated above as if fully set forth herein.

**A.   THE TEXAS UNIFORM FRAUDULENT ACT**

19. The Texas Uniform Fraudulent Transfer Act (TUFTA"), codified as Chapter 24 of the Texas Business and Commerce Code, permits the recovery of the value of any transfers made "with actual intent to hinder, delay, or defraud any creditor of the debtor" as well as those made "without receiving a reasonably equivalent value in exchange for the transfer or obligation. TUFTA §24.005. A creditor's claim needs not have arisen before the transfer to maintain an action under Section 24.005(a) as it applies to both present and future creditors. TUFTA Section 24.006 permits recovery of a fraudulent transfer only as to those creditors whose claims arose before the transfer took place. Fraudulent transfers made within four years of the Petition Date may be avoided. TUFTA §24.010. In this case the fraudulent transfer of the Transferred Property was made on December 11, 2018, 3 years, 6 months, and 15 days prior to the Debtors' Petition Date.

**B.   TRUSTEE'S STANDING**

20. Pursuant to 11 USC §544(b) of the Bankruptcy Code, the Trustee is permitted to avoid any transfer of an interest of the Debtors in property that is voidable

5

under applicable law- in this case under TUFTA- by an unsecured creditor holding an allowed claim on the date of bankruptcy.

21. Creditor Used Cars was a creditor in existence prior to the transfer of the Transferred Property. Upon learning of Transferred Property, Creditor Used Cars commenced the Fraudulent State Court Lawsuit pursuant to TUFTA against the Debtors and Nelson. Creditor Used Cars was an unsecured creditor holding an allowed claim on the Petition Date. The Trustee has identified Creditor Used Cars as the triggering creditor pursuant to 11 U.S.C. 544. Accordingly, the Trustee may step into the shoes of Creditor Used Cars to avoid Debtors' fraudulent transfer not only for the benefit of Creditor Used Cars, but for the benefit of the Debtors' bankruptcy estates. Avoidable transfers may be recovered from the initial transferee, in this case- Nelson- pursuant to Section 550(a)(1) of the Bankruptcy Code.

**C.     ACTUAL FRAUD UNDER SECTION 24.005(a)(1)**

22. The Trustee incorporates the facts stated above as if fully set forth herein.

23. The transfer of the Transferred Property made by the Debtors to Nelson should be avoided and set aside. TUFTA Section 24.005(a)(1) provides the statutory authority to permit the avoidance of an actual fraudulent transfer. An actual fraudulent transfer occurs when the transfer is made " with actual intent to hinder, delay, or defraud any creditor of the debtor." Subsection (b) provides a list of factors in determining actual intent under Subsection (a)(1) also known as "badges of fraud". TUFTA §24.005(b). Consideration may be given to the non-exclusive list of eleven factors which are as follows:

    (1)   The transfer or obligation was to an insider;

6

(2) The debtor retained possession or control of the property transferred after the transfer;
(3) The transfer or obligation was concealed;
(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) The transfer was of substantially all the debtor's assets;
(6) The debtor absconded;
(7) The debtor removed or concealed assets;
(8) The value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

24. All factors considered, the badges of fraud in this case providing evidence of Debtors' intent to hinder, delay, or defraud Creditor Used Cars include the following: the Transferred Property made the issue of the State Fraudulent Lawsuit was concealed/omitted from the Debtors' bankruptcy petition and schedules; the Debtors knew they did not receive reasonably equivalent value in exchange for the Transferred Property; the Debtors transferred the Transferred Property after receipt of Demand Letters for payment on a promissory note that was in default; the Transferred Property was substantially of all of Debtors' assets; and the Transferred Property was to Nelson, the stepmother of Debtor Jack Carroll Strange Jr.'s partner, who had notice of Debtors intent to defraud their creditors.

**D.  CONSTRUCTIVE FRAUD UNDER 24.005(a)(2)(B)**

25. Trustee incorporates by reference each and every allegation contained in the foregoing paragraphs.

26. Pursuant to Section 24.005(a)(2)(B), the Debtors' transfer is fraudulent because Creditor Used Cars' claim arose before the Debtors transferred the property; the

7

Transferred Property was transferred without a reasonably equivalent value in exchange for the transfer; and Debtors intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond their ability to pay as they became due.

**E.     FRAUDULENT CONVEYANCE UNDER SECTION 24.006(a)**

27.     Trustee incorporates by reference each and every allegation contained in the foregoing paragraphs.

28.     Additionally, pursuant to 24.006(a) the foregoing transfer made by Debtors was a fraudulent transfer as to Creditor Used Cars whose claim arose before the transfer was made without receiving a reasonably equivalent value in exchange for the transfer and the Debtors were insolvent at that time or became insolvent as a result of the transfer.

**V.**

**RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. §550**

29.     Trustee incorporates by reference each and every allegation contained in the foregoing paragraphs.

30.     Section 550(a) of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section 544… of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." Section 550 is a recovery statute providing an avenue of recovery of the Transferred Property.

31.     As detailed above, pursuant to 11 U.S.C. §544, the Trustee seeks to avoid the Debtors transfer of the Transferred Property as a fraudulent transfer under TUFTA.

8

Upon avoidance of the transfer of the Transferred Property, the Trustee is entitled to recover the Transferred Property from Nelson as an initial transferee pursuant to 11 U.S.C. §550. The Trustee seeks recovery of the Transferred Property for the benefit of the Debtors' bankruptcy estates.

## VI

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, John Patrick Lowe, Trustee and Plaintiff herein, respectfully prays that the Court avoid the transfer of the Transferred Property from the Debtors to Nelson pursuant to applicable provisions of the Tex. Bus. & Comm. Code Sections 24.005(a)(1), 24.005(a)(2)(B), and 24.006 as incorporated into Bankruptcy Code by Section 544; and that pursuant to Section 550 the Trustee and Plaintiff herein may recover the Transferred Property from Nelson for the benefit of the Debtors' bankruptcy estates; and such additional and further relief as this Court deems just and proper.

Dated this 12th day of June 2023.

        Respectfully submitted,

        */s/ Michael Flume*
        MICHAEL FLUME
        State Bar No. 07188480

        FLUME LAW FIRM, LLP
        10127 Morocco Street, Suite 137
        San Antonio, TX 78216

        Mailing Address:
        P.O. Box 17746
        San Antonio, TX 78217

Office: (210) 828-5641
Fax: (210) 821-6069
Email: mflume@flumelaw.net
ATTORNEYS FOR JOHN PATRICK LOWE, TRUSTEE

## **CERTIFICATE OF SERVICE**

      I do hereby certify on this June 12, 2023, that a true and correct copy of the Amended Complaint was filed with the Court and served electronically upon those Parties registered to receive electronic notice via the Court's CM/ECF system or sent by United States First Class Mail to the Parties as set forth below.

                                */s/Michael Flume*
                                Michael Flume

Nicholas Wajda
10000 North Central Expressway, Suite 400
Dallas, Texas 75231
**Attorney for Debtors**

Nohl Bryant
Bryant Law PC
111 W. Olmos Drive
San Antonio, Texas 78212
(210) 910-6625
(210) 904-1011 (F)
Nohl.Bryant@BryantLawPC.com
**Attorney for Jack C. Strange Jr. and Robyn L. Miller Strange**

Benjamin Trotter
923 S. Alamo Street, Suite 2
San Antonio, TX 78205
(210) 225-4200
(210) 225-4495 (F)
Btrotter.law@gmail.com
**Attorney for Defendant Aida Margarita Nelson**